08 CV 6808

JUDGE LEISURE

BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
DOMINION BULK INTERNATIONAL S.A.
355 Lexington Avenue
New York, New York 10017
212-983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DOMINION BULK INTERNATIONAL S.A.,

          Plaintiff,

  -against-

FEEDFACTORS U.K.,

          Defendant.
-----------------------------------------------------------X

RECEIVED
JUL 30 2008
U.S.D.C. S.D.N.Y.
CASHIERS

08 Civ.

**VERIFIED COMPLAINT**

Plaintiff, DOMINION BULK INTERNATIONAL S.A. ("Plaintiff"), by its attorneys, Brown Gavalas & Fromm LLP, as and for its Verified Complaint against defendant FEEDFACTORS U.K. ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction under 28 U.S.C. § 1333.

2. At all material times, Plaintiff was and now is a foreign corporation organized and existing under and by virtue of the laws of Liberia with an office and place of business at 53-55 Akti Miaouli Street, Piraeus 185 36, Greece.

3. Upon information and belief, at all material times Defendant was and still is a foreign corporation organized and existing under and by virtue of the laws of a foreign country, with an office and place of business at 118 College Road, Harrow HA1 1BQ, United Kingdom.

4. At all material times, Plaintiff was the disponent owner of the motor vessel HALANDRIANI ("the Vessel").

5. On or about March 13, 2007, Plaintiff, as owner, and Defendant, as charterer, entered into a charter agreement whereby Plaintiff agreed to let, and Defendant agreed to hire, the Vessel to transport a cargo of wheat, under certain terms and conditions, from Montreal, Canada to an unspecified port in North Africa ("the Charterparty").

6. Under the terms of the Charterparty, the Vessel was to be delivered to Defendant at Belfast or Londonderry, Ireland between March 15 and 22, 2007. The Charterparty specified the voyage duration of "ABT 35 DAYS AGW" [about 35 days, all going well]. The Charterparty specified redelivery of the Vessel to Plaintiff at one safe port in North Africa.

7. Defendant was aware throughout negotiations that timely redelivery of the Vessel was of the essence because the Vessel was committed to another voyage from North Brazil at the end of April 2007.

8. The Vessel was delivered to the Defendant at Londonderry, Ireland on March 17, 2007 at 5:30 p.m. and redelivered to the Plaintiff at Casablanca, Morocco on May 2, 2007 at 10:30 p.m. The total hire period was, therefore, 46.21 days, less 2.06 days while the Vessel was idle on account of hold inspections in Canada.

9. Less the idle period during hold inspections in Canada, Defendant exceeded the maximum allowable period under the Charterparty by 9.15 days.

10. The average hire rate for a vessel of the same size and class of the Vessel in the relevant geographic area was approximately $27,000.00 per day. However, Defendant only paid hire under the demurrage rate of $18,500.00 per day. Therefore, Plaintiff is entitled to recover the difference of $77,775.00 (9.15 days @ $8,500.00/day).

11. Defendant has also wrongfully deducted $19,219.20 from hire due Plaintiff for stevedoring and silo costs incurred during the idle period in Canada. Such deductions are not authorized and Defendant's failure to pay the required hire, without deduction, is a further breach of the Charterparty.

12. Defendant has failed to pay the above sums, despite due demand therefor.

13. Under the terms of the Charterparty, all disputes between the parties are to be decided by arbitration in London, pursuant to English law. The Plaintiff has commenced arbitration proceedings in London.

14. This action is in aid of said London arbitration proceedings in accordance with 9 U.S.C. § 8. Plaintiff seeks to obtain adequate security to satisfy a potential London arbitration award in Plaintiff's favor.

15. In addition to recovering the principal amount due Plaintiff pursuant to the Charterparty, Plaintiff also fully anticipates recovering interest, arbitration costs (including arbitrators' fees), and attorneys' fees, which are routinely awarded to the prevailing party in London arbitration proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the London arbitration:

| | | |
|---|---|---|
| a. | On the principal claim | $96,994.20 |
| b. | 3 years of interest at 6% per annum, compounded quarterly | $18,973.83 |
| c. | Costs (arbitrators' fees, attorneys' fees etc.) | $30,000.00 |
| | TOTAL | $145,968.03 |

16. Upon information and belief, Defendant cannot be found within the District, within the meaning of Supplemental Rule B of the Federal Rules Civil Procedure, but is believed to

have or will have during the pendency of this action assets within this District, specifically including cash, funds, freight, hire, accounts and other property, in the hands of garnishees in the District including, but not limited to, American Express Bank, Ltd.; ABN-AMRO Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; UBS AG; and Wachovia Bank, which are believed to be due and owing to the Defendant.

Plaintiff prays:

A. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That because the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all cash, goods, chattels, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including American Express Bank, Ltd.; ABN-AMRO Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; UBS AG; and Wachovia Bank, which are due and owing to the Defendant, in the amount of $145,968.03, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B, answer the matters alleged;

C. That this action be stayed and this Court retain jurisdiction over this matter through the entry of any judgment or award, and any appeals thereof; and

D. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
July 30, 2008

> BROWN GAVALAS & FROMM LLP
> Attorneys for Plaintiff
> DOMINION BULK INTERNATIONAL S.A.
>
> By: _____
> Peter Skoufalos (PS-0105)
> 355 Lexington Avenue
> New York, New York 10017
> 212-983-8500

## VERIFICATION

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NEW YORK  )

PETER SKOUFALOS, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Brown Gavalas & Fromm LLP, attorneys for Plaintiff.

2. I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
PETER SKOUFALOS

Sworn to before me this
30th day of July 2008

_____
Notary Public

EVAN B. RUDNICKI
Notary Public of the State of New York
No. 02RU6142314
Qualified in Rockland County
Term Expires March 13, 2010